IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JASON BRADLEY MIZE, | ) | Cause No. CV 09-124-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| BILLINGS PROBATION AND | ) | OF U.S. MAGISTRATE JUDGE |
| PAROLE; DEPARTMENT OF | ) | |
| CORRECTIONS; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| Respondents. | ) | |

_____

On September 29, 2009, Petitioner Jason Mize filed this action for writ of

habeas corpus under 28 U.S.C. § 2254.  Mize is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts requires courts to examine the petition before ordering the respondent to file

an answer or any other pleading.  The petition must be summarily dismissed "[i]f it

plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.  If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

## II. Background

Mize was on conditional release, Pet. (doc. 1) at 6 ¶ 18, when he was arrested on charges of assault with a weapon, partner or family member assault, and unlawful restraint, id. at 4 ¶ 15A.  The prosecutor dismissed the charges. Id. ¶ 15B.  On May 6, 2009, following a hearing before Chris Evans of the Billings Probation and Parole Office, his release was revoked and he was returned to Montana State Prison. Id. at 2 ¶¶ 1-4, 4 ¶ 15A.

## III. Mize's Allegations

Mize contends, first, that he denied the allegations against him so that he should not have been found guilty. Pet. at 4 ¶ 15A.  He also asserts that because the criminal charges were dismissed, he must have been not guilty, so it does not make sense to find that he violated the conditions of his probation. Id. ¶ 15B.

## IV. Analysis

Although Mize's claims may be barred on procedural grounds, such as procedural default, it is clear that he is not entitled to relief on the merits of his

claims.  Accordingly, it is more efficient to proceed to the merits.  <u>See, e.g.</u>, 28 U.S.C. § 2254(b)(2); <u>Lambrix v. Singletary</u>, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1198 (9th Cir. 1983).

Conditional release is a release under conditions of supervision imposed by the Department of Corrections when an offender is sentenced to its custody.  Mont. Code Ann. § 46-18-201(3)(d)(i) (2007).  If the Department determines that the offender has violated the conditions of his release, the offender can be placed in a higher-custody environment such as prison, only warned, or anything in between.

Because conditional release is conditional liberty, an offender is entitled to due process before his release can be revoked.  He is not, however, entitled to "the full panoply of rights due a defendant in . . . a criminal prosecution."  <u>Morrissey v. Brewer</u>, 408 U.S. 471, 480 (1972).  He is entitled to a preliminary determination that there is probable cause to believe he violated the conditions of his release.  <u>Id.</u> at 485-86.  And he is entitled to "a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation" or some lesser sanction.  <u>Id.</u> at 487-88.

In Mize's case, criminal charges were filed against him.  Therefore, a judge must have approved the State's filing of an Information.  That is a determination of

probable cause.  Mont. Code Ann. § 46-11-201(2) (2007).  The first prong of Morrissey is met.  And the hearing Mize describes before Chris Evans was a dispositional hearing.  The hearing officer made factual findings on a "substantial evidence" standard, Pet. at 2 ¶ 3.  There is no federal constitutional requirement that the accused himself must admit the facts or that only a judge or jury may decide what they are.  The second prong of Morrissey is also met.

Dismissal of criminal charges does not necessarily mean anything other than that the case is dismissed. It might mean the State believes it cannot prove its case beyond a reasonable doubt.  It might mean the prosecutor is too busy and has to streamline her workload.  It might mean the State's interest is satisfied if the offender is sanctioned by a revocation of his conditional release.

Mize's claim that he was not guilty because the criminal charges against him were dismissed is not supported by the law.  Nothing in his petition suggests that he was not provided the process due to him under Morrissey.  He cannot show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  His petition should be denied.

## V. Certificate of Appealability

### A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c);

Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022,

1024 (9th Cir. 2000).  Warrant "must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong," Slack

v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to

deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432

(1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

**B. Discussion**

Mize's allegations do not show that he was deprived of a constitutional right.

He does not allege any facts showing a violation of the requirements of Morrissey v.

Brewer, 408 U.S. 471 (1972).  There is no reason to encourage further proceedings.

A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Mize must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of October, 2009.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge