FILED
BILLINGS DIV.

2010 JAN 20 PM 2 39

PATRICK E. DUFFY, CLERK
BY_____
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JASON BRADLEY MIZE, | ) |
| | ) CV-09-124-BLG-RFC |
| Petitioner, | ) |
| vs. | ) |
| | ) ORDER ADOPTING FINDINGS |
| BILLINGS PROBATION AND | ) AND RECOMMENDATIONS OF |
| PAROLE; DEPARTMENT OF | ) U.S. MAGISTRATE JUDGE |
| CORRECTIONS; ATTORNEY | ) |
| GENERAL OF THE STATE | ) |
| OF MONTANA, | ) |
| | ) |
| Respondents. | ) |
| | ) |

On October 8, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 3*) with respect to Mize's petition for writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Ostby recommends that the petition should be denied.

1

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Petitioner filed an objection on October 14, 2008. Petitioner's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Petitioner's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Conditional release is a release under conditions of supervision imposed by the Department of Corrections when an offender is sentenced to its custody. Mont. Code Ann. § 46-18-201(3)(d)(i) (2007). If the Department determines that the offender has violated the conditions of his release, the offender can be placed in a higher-custody environment such as prison, only warned, or anything in between.

Because conditional release is conditional liberty, an offender is entitled to due process before his release can be revoked. An offender is not, however, entitled to "the full panoply of rights due a defendant in . . . a criminal prosecution." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). He is entitled to a preliminary determination that there is probable cause to believe he violated the

conditions of his release. *Id.* at 485-86. And he is entitled to "a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation" or some lesser sanction. *Id.* at 487-88.

In Mize's case, criminal charges were filed against him. Therefore, a judge approved the State's filing of an Information. That is a determination of probable cause. Mont. Code Ann. § 46-11-201(2) (2007). The first prong of *Morrissey* is met. And the hearing Mize describes before Chris Evans was a dispositional hearing. The hearing officer made factual findings on a "substantial evidence" standard, Pet. at 2 ¶ 3. There is no federal constitutional requirement that the accused himself must admit the facts or that only a judge or jury may decide what they are. The second prong of *Morrissey* is also met.

Mize's claim that he was not guilty because the criminal charges against him were dismissed is not supported by the law. Nothing in his petition suggests that he was not provided the process due to him under *Morrissey*. He cannot show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Therefore, IT IS HEREBY ORDERED that the Petition (*doc. 1*) is DENIED. The Clerk of Court is directed to enter by separate document a

judgment in favor of Respondents and against Petitioner. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 20th day of January, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE